UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

DWAYNE SINGLETON,

                              Plaintiff,                    **MEMORANDUM & ORDER**
                                                                          14-CV-0303 (MKB)

                             v.

JANE DOE, Housing Works Psychologist,
Parole Officer GLENDA BUBB, and Parole
Supervisor (Officer) DENISE GRANUM,

                              Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Dwayne Singleton, proceeding *pro se* and currently incarcerated at Great Meadows Correctional Facility, brings this action against Defendant Jane Doe, a Housing Works Psychologist, and parole officers, Defendants Glenda Bubb and Denise Granum pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Jane Doe made a "false sex allegation" against him, and Bubb and Granum imposed new conditions of his parole as a result of the false accusation and confiscated his cellular telephone. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, Plaintiff's Section 1983 claim against Jane Doe is dismissed, and Plaintiff is granted thirty (30) days leave from the date of this Memorandum and Order to file an amended complaint against Jane Doe. Plaintiff's Section 1983 claims against Bubb and Granum shall proceed.

**I. Background**

       For the purposes of this decision, the allegations in the Complaint are assumed to be true. According to Plaintiff, on or about December 2010, while on parole, he was forced "to take a sex offender program and had to endure further restrictions as well" when Jane Doe, a psychologist

at Housing Works in Manhattan, accused him of "touching her feet[] in a sexual manner" during a "mandatory court-ordered" therapeutic session. (Compl. 4.) Parole officers Granum and Bubb "confiscated [his] cell phone" and parole officer Bubb "was very strict [with him]." (*Id.*) Plaintiff complained of this conduct to Bubb and was "forced to take additional therapeutic programs for a false charge and . . . was penalized." (*Id.*) Plaintiff seeks compensatory damages and injunctive relief against Defendants.[1]

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks

---

[1] Over two years ago, Plaintiff sued several individuals, including Bubb and Granum alleging, among other claims, false imprisonment. *See Singleton v. Davis*, No. 11-CV-5709 (E.D.N.Y. Nov. 17, 2011). The allegations in that case were based on much of the same allegations made in the instant Complaint, including that "Parole Officer Bubb . . . confiscated [Plaintiff's] cell phone" and Bubb and Granum imposed "harsh treatment" after a "false allegation" was made against Plaintiff. *See* Sec. Am. Compl. 20–21, No. 11-CV-5709, *Singleton v. Davis* (E.D.N.Y. 2011). The Honorable John Gleeson dismissed Plaintiff's claims against Bubb and Granum without prejudice, (No. 11-CV-5709, Docket Entry No. 4), and Plaintiff never filed an amended complaint against Bubb and Granum, although he filed an amended complaint against others, (No. 11-CV-5709, Docket Entry No. 9). The prior action was reassigned to this Court on March 27, 2012, and on October 11, 2012, the parties filed a stipulation of settlement, discontinuing the action. (No. 11-CV-5709, Docket Entry No. 29.)

omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint or any portion of the complaint," if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an *in forma pauperis* action, if the court determines that it is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

    b.   **Defendant Jane Doe**

Plaintiff has failed to state a claim under Section 1983 against Jane Doe. In order to sustain a claim for relief under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell,* 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mt. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). The actions of a private entity may be deemed state action only if "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id.* at 52 (citation and internal quotation marks omitted); *see also Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir.

3

2013) (same). "Whether such a 'close nexus' exists . . . depends on whether the State has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [action] must in law be deemed to be that of the state." *Sullivan*, 526 U.S. at 52 (citation and internal quotation marks omitted). State action is satisfied if the private actor was a "willful participant in joint activity with the State or its agents." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

Here, Plaintiff does not specify which rights or privileges were violated by Jane Doe's conduct. It appears that Plaintiff may be trying to state a § 1983 claim for deprivation of liberty and/or due process based on the theory that Plaintiff was "ordered" to endure certain restrictions of his parole due to a false accusation, and was subsequently "penalized" when he complained of the conduct. (Compl. 2–4.) *See Maldonado v. Fischer*, No. 11-CV-1091, 2012 WL 4461647, at *5 (W.D.N.Y Sept. 24, 2012) ("[plaintiff's] allegations concerning the [parole] restrictions and resulting hardships . . . 'sufficiently allege[ ] a due process claim'"); *Taylor v. Sullivan*, 980 F. Supp. 697, 705 (S.D.N.Y. 1997) ("[A]n intentionally false report, directly causing the loss of liberty, can state a cause of action for deprivation of a parolee's constitutional rights.").[2] However, Plaintiff fails to plead any facts indicating that Jane Doe, a private psychologist at Housing Works, was acting under the color of state law when she allegedly falsely accused him of "touching her feet[] in a sexual manner" causing Plaintiff to have to participate in a sex offender program and endure other restrictions of his parole. (Compl. 4.) A mere allegation that a private party provided information to the police, even if false, is insufficient to state a claim

---

[2] The holding in *Taylor v. Sullivan* was expressly limited to a "*parolee's* liberty interest in not having his conditional release unfairly revoked." *Taylor*, 980 F. Supp. at 705, n.13. It did not directly address whether a parolee has a liberty interest in parole restrictions imposed as a result of a false accusation.

4

under § 1983. *See Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 446 (E.D.N.Y. 2012) ("A private party supplying information or seeking police assistance 'does not become a state actor . . . unless the police officers were improperly influenced or controlled by the private party.'" (alteration in original) (citations omitted)); *Baez v. JetBlue Airways*, 745 F. Supp. 2d 214, 221 (E.D.N.Y. 2010) (holding that one incident of providing false information was not sufficient to make a private party an actor under the color of law); *Castro v. Cnty. of Nassau*, 739 F. Supp. 2d 153, 173 (E.D.N.Y. 2010) ("[T]he provision of information to or summoning of police officers, even if that information is false or results in the officers taking affirmative action, is not sufficient to constitute joint action with state actors for purposes of § 1983."). Without more factual allegations indicating that Jane Doe was acting under color of state law, Plaintiff fails to state a valid claim pursuant to § 1983.[3] In light of Plaintiff's *pro se* status, the Court grants him leave to amend the Complaint to allege facts, if possible, to show that Jane Doe acted under color of state law when she allegedly made a false accusation against Plaintiff.

---

[3] The Court is also not aware of any legal support for the notion that a private psychologist acts under the color of state law when treating a parolee during a court-ordered therapeutic session. It is well established that other private professionals such as attorneys do not become state actors for the purposes of § 1983 liability "merely by virtue of their position[s]," even when appointed by the court. *Delarosa v. Serita*, No. 14-CV-737, 2014 WL 1672557, at *3 (E.D.N.Y. Apr. 28, 2014) (collecting cases regarding private attorneys, public defenders and court-appointed counsel); *Garcia v. City of New York*, No. 12-CV-4655, 2013 WL 153757, at *3 (E.D.N.Y. Jan. 14, 2013) ("It is well established that court-appointed attorneys, including attorneys associated with a legal aid organization, do not act under color of state law when performing traditional functions of counsel."); *Elmasri v. England*, 111 F. Supp. 2d 212, 221 (E.D.N.Y. 2000) (finding that a court appointed legal guardian was not a state actor for the purposes of § 1983). Rather, a plaintiff must allege sufficient facts demonstrating a close nexus between the private entity or individual and the State such that the Court can infer that the private entity or individual was acting under the color of state law. *See Sullivan*, 526 U.S. at 52.

### c. Defendants Bubb and Granum

Plaintiff claims that as a result of Jane Doe's false accusation, Bubb "ordered [him] to take a sex offender program and . . . to endure further restrictions [of his parole]." (Compl. 4.) Plaintiff also states that Bubb and Granum were "very strict," "rude," "unprofessional" and "denied [him] the right to ride the subway." (Compl. 4.) The Court notes that "[a] parolee has no constitutionally protected interest in being free of a special condition of parole." *Boddie v. Chung*, No. 09-CV-4789, 2011 WL 1697965, at *1 (E.D.N.Y. May 4, 2011) (citations omitted); *see also* N.Y. Comp. Codes. R. & Regs. tit. 9, § 8003.3. ("A special condition may be imposed upon a [parolee] either prior or subsequent to release," memorialized by "a written copy of each special condition imposed."). Moreover, review of parole conditions are generally reserved to the state courts, *Boddie*, 2011 WL 1697965, at *2 (citations omitted), and "parole conditions are not subject to judicial review in the absence of a showing that the board or its agents acted in an arbitrary and capricious manner," *id.* (citations omitted). "[T]he imposition of conditions — whether imposed prior to or subsequent to release, by the parole board or a field parole officer — must be upheld as long as they are reasonably related to a parolee's past conduct, are not arbitrary and capricious, and are designed to deter recidivism and prevent further offenses." *Robinson v. New York*, No. 09-CV-0455, 2010 U.S. Dist. LEXIS 144553, at *14 (N.D.N.Y. Mar. 26, 2010).

However, while Plaintiff does not have a protected liberty interest to be free from special conditions of parole, he may have a viable due process claim pursuant to § 1983 based on the substance of the conditions and/or the basis for imposing such conditions. *See Maldonado v. Fischer*, 2012 WL 4461647, at *5 (finding a due process claim under Section 1983 where

allegations relate to "the *substance* of the special conditions at issue . . . and the basis for their imposition") (citing *Robinson*, 2010 U.S. Dist. LEXIS 144553, at *26).

A liberal interpretation of the Complaint indicates that Plaintiff's § 1983 claims against Bubb and Granum are based on the allegations that, as a result of a false accusation of sexual misconduct made against Plaintiff, Bubb "forced" him to participate in a sexual offender program and both Bubb and Granum "denied [him] the right to ride the subway." (Compl. 4.) These allegations against Bubb and Granum challenge the substance of the parole conditions placed on Plaintiff and accordingly, are sufficient, at this juncture, to state a claim for deprivation of due process in violation of § 1983. *Maldonado,* 2012 WL 4461647, at *5 (Plaintiff's "allegations concerning the restrictions and resulting hardships that the [parole] conditions imposed on him have had . . . 'sufficiently allege [] a due process claim regarding the substance of the special conditions at issue . . . and the basis for their imposition.'"); *Robinson*, 2010 U.S. Dist. LEXIS 144553, at *25–26 (same).[4]

---

[4] In *Maldonado*, the plaintiff, seeking to proceed *in forma pauperis*, brought an action for violations of § 1983, the Ex Post Facto Clause of the United States Constitution, and the Eight Amendment to the Constitution. Plaintiff alleged that upon his release on parole, he was given "special conditions" of his parole that are typically given to sex offenders. *Maldonado v. Fischer*, No. 11-CV-1091, 2012 WL 4461647, at *1–2 (W.D.N.Y. Sept. 24, 2012). Plaintiff claimed that these conditions were imposed on him because of a prior conviction for sexual misconduct and not related to the conviction for which he was on parole. *Id*. at *2. The Court found that while the plaintiff had no protected liberty interest " to be free from the special conditions of parole," it would allow the plaintiff's due process claim to go forward "to the extent it can be construed as objecting to the *substance*, *i.e.*, the nature and extent of, the conditions imposed upon him and their relation to his offenses." *Id*. at *5.

Similarly, in *Robinson*, the plaintiff objected to the imposition of new conditions placed on his parole, arguing that they violated, *inter alia*, § 1983. *Robinson v. New York*, No. 09-CV-0455, 2010 U.S. Dist. LEXIS 144553, at *1–3 (N.D.N.Y. Mar. 26, 2010). The court denied the defendant's motion for judgment on the pleadings as to the plaintiff's § 1983 due process claim, finding that the plaintiff "sufficiently alleged a due process claim regarding the substance of the special conditions at issue . . . and the basis for their imposition." *Id*. at *25–26.

Plaintiff also claims that Bubb and Granum confiscated his cellular telephone and refused to return it to him. (Compl. 4.) Plaintiff can also proceed on this claim as it is unclear whether Plaintiff, as a parolee and not a detained prisoner, had an adequate post-deprivation remedy for the loss of his property available to him. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.").

### III. Conclusion

For the reasons set forth above, Plaintiff is granted leave to amend the Complaint to replead his claim against Jane Doe in accordance with this Memorandum and Order. The amended complaint must be filed within 30 days of the date of this Memorandum and Order, or the claim against Jane Doe will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is advised that if he files an amended complaint, it will completely replace the original Complaint. The amended complaint must be captioned "Amended Complaint" and shall bear the same docket number as this Memorandum and Order. No summons shall issue as to Jane Doe.

Plaintiff's claims against Bubb and Granum shall proceed. The Clerk of Court shall issue a summons for Bubb and Granum and the United States Marshal Service is directed to serve the summons, Complaint and a copy of this Memorandum and Order upon Bubb and Granum without prepayment of fees. The Clerk of Court shall mail a courtesy copy of the same papers to the Attorney General for the State of New York. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis*

status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/MKB
MARGO K. BRODIE
United States District Judge

Dated: July 7, 2014
       Brooklyn, New York